**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| Beatrix Margit Egerer, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action File No.: |
| | ) | |
| v. | ) | |
| | ) | |
| ZenResolve, LLC, | ) | **COMPLAINT WITH** |
| | ) | **JURY TRIAL DEMAND** |
| Defendant | ) | |
| _____ | ) | |

## PRELIMINARY STATEMENT

This action for damages is based upon the Defendant's overt and intentional, unlawful conduct in the furtherance of its efforts to collect a consumer debt. The Defendant's conduct is in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. 1692 et seq. and the Georgia Fair Business Practices Act, (GFBPA) O.C.G.A. 10-1-390 et seq.

## PARTIES

1.      Plaintiff, Beatrix Margit Egerer, is a natural person who resides in Polk County, Georgia.

2.      Defendant, ZenResolve, is a limited liability corporation that is authorized to do business in Georgia.  Defendant may be served with process via its

registered agent, CT Corporation System, at 1201 Peachtree Street, Northeast, Atlanta, Georgia 30361.

## JURISDICTION AND VENUE

3.      This Court has federal question jurisdiction over Plaintiff's Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.      This Court has personal jurisdiction over Defendant because, inter alia, Defendant frequently and routinely conducts business in the State of Georgia, including the conduct complained of herein.

5.      Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6.      Pursuant to LR 3.1B(3), venue is proper in the Atlanta Division because the Defendant maintains a Registered Agent in Fulton County which is in the Atlanta Division.

## FACTUAL ALLEGATIONS

7.     Plaintiff is a 62-year-old woman with deteriorating health. She is disabled, unable to engage in competitive employment.  And is in the process of obtaining disability insurance benefits through the Social Security Administration.

8.     Plaintiff is allegedly obligated to pay a consumer debt arising out of an unsecured loan utilized for ordinary goods and services and is therefore, a "consumer", as that term is defined by 15 U.S.C. § 1692a(3).

9.     Defendant is a collection agency specializing in the collection of consumer debt.

10.     Defendant uses interstate commerce and/or mail in its business in the collection of consumer debts.

11.     Defendant markets itself on its website as having a "mission to provide fair, transparent, consumer-driven resolution of outstanding debt…" _Https://zenresolve.com/about_.

12.     Defendant manages, and collects upon, thousands of consumer debt accounts annually.

13.     Defendant is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

14.     As a result of the Plaintiff's disability and inability to engage in regular employment, she has become delinquent on a number of accounts.

15.     Accordingly, the Plaintiff has received a number of calls, letters, and emails from a variety of collection agencies including the Defendant.

16.     On or about June 15, 2020 the Plaintiff received a text message to her phone from the Defendant.

17.     The Defendant advised the Plaintiff via this message that it was collecting a debt in the amount of $1,261.92  originating with Target Finance, LLC.

18.     The Plaintiff did not recognize this debt as owed by her.

19.     The Defendant's message advised the Plaintiff that she could pay the balance all at once or enter into a payment plan.

20.     The message also advised the Plaintiff that if this was not her debt or if she wanted to dispute all or part of the balance, she needed to "file your dispute with us within 30 days of receiving your initial communication from ZenResolve."

21.     A true and correct reproduction of the message received by the Plaintiff is reproduced here,



1:58

ZenResolve is here to help you with your
outstanding balance.
You have an outstanding balance of **$1,261.92** with
**Target Finance LLC**.



# Let's take care of your balance

ZenResolve is collecting on your
balance of **$1,261.92** with **Target
Finance LLC**. We can help you resolve
this balance by providing you with a
variety of payment options. You can
choose to pay the balance off in one
lump sum or you can set up a payment
plan customized to meet your needs.

Let's get started:

**Pay Entire Balance**   OR:

**Set Up a Payment Plan**

Original Debt Amount: **$1,261.92**

If this is not your debt or you want to
dispute all or part of this balance, you
need to file your dispute with us within 30
days of receiving your initial
communication from
ZenResolve. Dispute this charge

22.     The Plaintiff did not recognize this debt and very much wished to dispute it. However, Plaintiff knew she had talked with a representative of Defendant in April, 2020 and believed that the 30 days from her initial communication had passed. Plaintiff understood the Defendant's message to mean her time to dispute had passed. Moreover, the Plaintiff was confused as to what it meant to "file" a dispute.

23.     The Plaintiff worried about her ability to dispute for several days and finally placed a call to Defendant on or about June 18, 2020.

24.     After having her identification confirmed by the Defendant, the Plaintiff clearly explained that she did not recognize the debt Defendant was seeking to collect and that she wished to dispute it.

25.     The Defendant explained that it was collecting on an internet loan that was allegedly made to the Plaintiff at her request and that the outstanding balance was $1,261.92.

26.     The Defendant noted in the conversation that Plaintiff had spoken to Defendant at least once before in April, 2020, at which time she had disputed the debt.  The Defendant stated that at that time they sent the Plaintiff documentation via email to establish a fraud defense to the claim.  The Defendant indicated it would

send the packet again via email at which time the Plaintiff informed it that she rarely has an opportunity to check her email.

27.    The Defendant reiterated that if it did not receive the information describing the Plaintiff's fraud defense, that it would have to keep calling and collecting on the account.

28.    The Defendant's representation regarding the Plaintiff's rights, abilities, and methodologies for dispute is objectively false and materially misleading.

29.    The portion of the Fair Debt Collections Act that addresses the dispute and validation of debts is 15 U.S.C. 1692g.  No portion of that code section limits or restricts the ability of a consumer to dispute a debt or the means by which such a dispute is conveyed to a creditor.  The confusing and arbitrary restrictions placed upon the Plaintiff by the Defendant through its text message deterred her from taking action to dispute the debt for several days after receiving it and increased her anxiety.

## INJURIES-IN-FACT

30.    The FDCPA provides consumers with "statutorily-created rights to be free from 'being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.'" *McCamis v. Servis One, Inc.*, No. 8:16-CV-1130-T-30AEP, 2016 U.S. Dist. LEXIS 99492 (M.D. Fla. July 29, 2016); *Church v. Accretive Health, Inc.*,

654 Fed. Appx. 990, 2016 U.S. App. LEXIS 12414, 2016 WL 3611543 (11th Cir. 2016).

31.    An injury-in-fact sufficient to satisfy Article III standing requirements "may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing." *Church*, at 993, quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982).

32.    Violation of statutory rights are not a "hypothetical or uncertain" injury, but one "that Congress has elevated to the status of a legally cognizable injury through the FDCPA." *McCamis*, at 4, citing *Church*, at 3.

33.    Defendant is subjecting Plaintiff to false, deceptive, unfair, and unconscionable means to collect the debt.

34.    Defendants acts and omissions caused particularized harm to the Plaintiff in that they confused and deterred the Plaintiff from continuing to dispute the debt as she intended.

35.    Accordingly, through the violation of Plaintiffs' statutorily created rights under the FDCPA, Plaintiffs have suffered an injury-in-fact sufficient to establish Article III standing.

**DAMAGES**

36.     As a result of the Defendant's actions and/or omissions, Plaintiff has suffered actual damages, including but not limited to the following:

a.)     Being subjected to false, deceptive, unfair, and unconscionable debt collection practices;

b.)     Uncompensated time expended away from activities of daily living, to confer with counsel regarding the Defendant's collection efforts; and,

c.)     Anxiety and worry caused by concern that Plaintiff was being called upon to pay an improper claim, that her prior dispute of the debt was ineffectual because she had not "filed" as directed by the Defendant, and that the time in which she could dispute had expired.

d.)     The anxiety and worry experienced by the Plaintiff was sufficient to negatively affect her demeanor, her ability to engage in daily activities, resulted in sleeplessness, and adversely affected her relationships with others.

## CAUSES OF ACTION

### COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et. seq.

37.     Plaintiff incorporates by reference paragraphs 1 through 38 as though fully stated herein.

*Violations of 15 U.SC. § 1692e and its subparts*

38.     15 U.S.C. § 1692e specifically prohibits the use of any false, deceptive, or misleading representations or means in connection with the collection of any debt.

39.     The use of "or" in § 1692e means a representation violates the FDCPA if it is false or deceptive or misleading.  *Bourff v. Rubin Lublin*, LLC, 674 F.3d 1238, 1241 (11th Cir. 2012).

40.     The standard in determining the nature of any such representation is that of the "least sophisticated consumer." Its purpose is to protect "naive consumers" with a minimal understanding of personal finance and debt collection. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1194 (11th Cir. 2010) (per curiam).

41.     Moreover, the least sophisticated consumer is not to be held to the same standard as a reasonably prudent consumer. The least sophisticated consumer, though not unreasonable, is "ignorant" and "unthinking," "gullible," and of "below-average sophistication or intelligence," *Pinson v. JPMorgan Chase Bank, Nat'l Ass'n*, No. 16-17107, 2019 U.S. App. LEXIS 33662, at 12-13 (11th Cir. Nov. 12, 2019), quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)

42.    A false representation in connection with the collection of a debt is sufficient to violate the FDCPA, even if it is not alleged or proven to be misleading or deceptive.

43.    Defendant's representations or implications that led Plaintiff to believe that her time to dispute only lasted for 30 days from the date she received her initial communication from the Defendant was objectively false and or materially misleading and a violation of 15 U.S.C. §§ 1692e, and 1692e(10).

44.    Defendant's representations that the Plaintiff had to "file" her dispute with the Defendant within 30 days from the date she received her initial communication from the Defendant was objectively false and or materially misleading and a violation of 15 U.S.C. §§ 1692e, and 1692e(10).

## COUNT II

## VIOLATIONS OF THE GEORGIA FAIR BUSINESS PRACTICES ACT

## O.C.G.A. § 10-1-390, et seq.

45.    Plaintiff incorporates by reference paragraphs 1 through 36 and 41 through 44 as though fully stated herein.

46.    O.C.G.A. § 10-1-390 et seq is commonly known as the "Fair Business Practices Act of 1975" (the "GFBPA").

47.    The purpose of the GFBPA, is to protect consumers from unfair and/or deceptive practices in the conduct of any trade or commerce in part or wholly in the state.  O.C.G.A. § 10-1-391.

48.    O.C.G.A. § 10-1-391 directs that the GFPBA is to be interpreted and applied liberally and in harmony with the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1), which implements the FDCPA.

49.    O.C.G.A. § 10-1-393(a) of the GFBPA broadly prohibits unfair and/or deceptive business practices.

50.    Defendant intentionally engaged in unfair and deceptive business practices, as set forth herein, in an effort to collect a consumer debt.

51.    Defendant's conduct has implications for the consuming public in general.

52.    Defendant's conduct negatively impacts the consumer marketplace.

53.    Upon information and belief, Defendant does not maintain a place of business in Georgia and has no assets in Georgia, thus relieving Plaintiffs of the Notice and Demand requirements of O.C.G.A. § 10-1-399(b).

54.    As a result of Defendant's violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover general damages pursuant to O.C.G.A. § 10-1-399(a).

55.    As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover exemplary damages pursuant to O.C.G.A. § 10-1-399(a).

56.    As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover treble damages pursuant to O.C.G.A. § 10-1-399(c).

57.    Plaintiff is entitled to recover reasonable attorney's fees and expenses of litigation pursuant to O.C.G.A. § 10-1-399(d).

## TRIAL BY JURY

58.    Plaintiff is entitled to and hereby requests a trial by jury.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

a.)    Plaintiff's actual damages;

b.)    Statutory damages pursuant to 15 U.S.C. § 1692k;

c.)    Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k

d.)    General, exemplary, and treble damages pursuant to O.C.G.A. § 10-1-399(a) & (c);

e.)    Reasonable attorney's fees and costs pursuant to O.C.G.A. § 10-1-399(d); and

f.)     Such other and further relief as may be just and proper.

Respectfully submitted this 17th day of July, 2020.

**BERRY & ASSOCIATES**

*/s/ Matthew T. Berry*
Matthew T. Berry
Georgia Bar No.: 055663
*matt@mattberry.com*
2751 Buford Highway, Suite 600
Atlanta, GA 30324
Ph. (404) 235-3300
Fax (404) 235-3333

*Plaintiff's Attorney*